## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

_____

JOYCE L. REESE, a citizen )
and resident of Campbell County, )
Tennessee, )
  )
      Plaintiff, )
  )
v. )               No.: 3:15-cv-262
  )
HARTFORD LIFE AND ACCIDENT )
INSURANCE COMPANY, )
  )
      Defendant. )

_____

## COMPLAINT
_____

Comes now the Plaintiff, Joyce L. Reese, by and through counsel, and for cause of action would state as follows:

<u>JURISDICTION</u>

1.     The Plaintiff, Joyce L. Reese, is a citizen and resident of Campbell County, Tennessee.

2.     Plaintiff alleges upon information and belief that Defendant The Hartford Life and Accident Insurance Company ("Hartford") is an insurance company with its principal place of business in Chicago, Illinois, but doing significant work within the state of Tennessee. Defendant may be served through the Commissioner of Insurance located at 500 James Robertson Parkway, Nashville, Tennessee 37243.

At all material times Defendant acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or

employment.

3. Upon information and belief, it is alleged that the Defendant was the claims administrator and the party obligated to pay benefits and to determine eligibility for benefits under the plan.

4. Upon information and belief, it is alleged that the Defendant is a "party in interest" as defined by 29 U.S.C. § 1002(14)(A) and a "named fiduciary" as defined by 29 U.S.C. § 1102(a)(2)(A) which has the authority to control and manage the operation and administration of the Plan pursuant to 29 U.S.C. § 1102(a)(1).

5. The Plaintiff brings this action to recover benefits due for her long term disability pursuant to the Employment Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA §502(e)), and particularly 29 U.S.C. § 1132(a)(1)(B), and 28 U.S.C. § 1337. Plaintiff's claims "related to" an "employee welfare benefits plan" as defined by ERISA and the subject disability benefit plan constitutes a "plan under ERISA." The Plaintiff at all times relevant to this action was a "participant" in the Plan as defined by 29 U.S.C. § 1002(7).

6. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations (29 C.F.R. § 2560.503-1) provide a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

7. Jurisdiction over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(1).

8. Venue over Plaintiff's claim is conferred on this Honorable Court pursuant to 29 U.S.C. § 1132(e)(2).

## FACTS

9.     At all times material, Plaintiff worked for Amedisys Holding, LLC.

10.     On or about June 2, 2012, Plaintiff developed severe physical conditions preventing her for continuing in her employment with Amedisys Holding, LLC.

11.     Plaintiff's severe medical conditions resulted in permanent and total disability preventing her from performing any work she is or can become qualified by reason of her education, experience or training and is not expected to be able to continue such work for the duration of her life.

12.     Plaintiff timely filed an application for long term disability benefits from the Plan or Policy provided by Amedisys through the Defendant.

13.     Defendant approved Plaintiff's claim for long term disability benefits under the Plan under the "own occupation" definition beginning December 1, 2012.

14.     On November 4, 2014, Defendant notified Plaintiff via letter that long term disability benefits would not paid past December 1, 2014, for Plaintiff's failure to meet the policy definition of disability beyond November 30, 214.

15.     On March 26, 2015, Plaintiff timely appealed the cessation of and denial of further long term disability benefits and provided a copy of the Fully Favorable Decision in Plaintiff's Social Security Disability claim entered on February 19, 2015 by Administrative Law Judge Edward Boling.

16.     On April 9, 2015, Defendant acknowledged receipt of Plaintiff's appeal.

17.     On May 6, 2015, Defendant wrote to the Plaintiff through the undersigned counsel informing Plaintiff of its decision to utilize the 45-day extension for reviewing the claim.

18.     On May 12, 2015, the Defendant denied Plaintiff's administrative appeal affirming its earlier decision to deny further benefits.

19.     The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

20.     The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

21.     The entity that made the decision to deny benefits allowed its concern over its own fund to influence its decision-making.

22.     The Defendant has acted under a Plan to take advantage of the potential applicability of ERISA to claims.

23.     Under the terms of the Plan, Defendant agreed to provide Plaintiff with long-term disability benefits in the event that Plaintiff became disabled as defined by the Plan.

24.     Plaintiff is disabled under the terms of the Plan.

25.     Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits to Plaintiff constitutes a breach of the Plan.

26.     The decision to deny benefits was wrong under the terms of the Plan.

27.     The decision to deny benefits and decision-making process were arbitrary and capricious.

28.     The decision to deny benefits was not supported by substantial evidence in the record.

28.     The appellate procedures did not provide the Plaintiff a full and fair review.

29.     As ERISA fiduciaries, the Defendant owed the Plaintiff fiduciary duties, such as an obligation of good faith and fair dealing, full and complete information, and a decision-

making process free of influence by self-interest.

30.     The Defendant violated the fiduciary duties owed to the Plaintiff.

31.     As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan, and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

WHEREFORE, premises considered, Plaintiff respectfully requests this Honorable Court for the following:

A.     A declaration that Defendant has breached its fiduciary duties, responsibilities, and obligations imposed upon it under ERISA.

B.     A declaration that Plaintiff is disabled within the meaning of the Plan and is entitled to long term disability benefits from the Plan.

C.     Order Defendant to pay Plaintiff back benefits due under the Plan.

D.     Order Defendant to pay prejudgment interest at the rate set by law on the disability benefits wrongfully withheld from Plaintiff or, if the amount is greater, order Defendant to pay her the amounts it has earned on the money wrongfully withheld from her as other equitable relief.

E.     Order Defendant to pay Plaintiff the costs of her suit and reasonable attorney fees.

F.     Grant such other and further relief to which Plaintiff is entitled.

G.     Plaintiff further requests that the Court order Defendant to provide to Plaintiff a bound copy of the ERISA record consecutively paginated.

Respectfully submitted this 19th day of June, 2015.

> s/ John P. Dreiser_____
> John P. Dreiser (BPR #020743)
> Attorney for the Plaintiff
> 1356 Papermill Pointe Way
> Knoxville, TN 37909
> (865) 584-1211